**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ERIC ARNOLD,** | ) | **CASE NO.   1:17 CV 279** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **CAROLINE HURWITZ,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Defendant.** | ) | |

This matter is before the Court on the Motion for Judgment on the Pleadings filed by Defendant, Caroline Hurwitz. (Docket #10.) Ms. Hurwitz asks the Court to grant judgment in her favor on each of the claims raised by Plaintiff, Eric Arnold.

**I.   Factual and Procedural Background.**

Mr. Arnold alleges that on November 15, 2012, Ms. Hurwitz negligently, knowingly, falsely and/or with malice against Mr. Arnold signed a police statement that Mr. Arnold had engaged in sexual conduct with her on October 27, 2012, by force and against her will. Mr. Arnold alleges Ms. Hurwitz's allegations were also included in a police report and made otherwise by Ms. Hurwitz. (Complaint at Paragraph 6.) Mr. Arnold asserts that the alleged false and defamatory statements were communicated to the Chagrin Falls, Ohio Police Department and to the Cuyahoga County, Ohio Prosecutor's Office and caused a malicious criminal prosecution to be instituted and continued against Mr. Arnold in the Cuyahoga County

Court of Common Pleas, Case No. 13-CR-570388. (Complaint at Paragraph 8.) As asserted by Mr. Arnold, the allegations made by Ms. Hurwitz resulted in Mr. Arnold being indicted for Rape, in violation of Ohio Rev. Code § 2907.02(a)(2), and for Kidnapping, in violation of Ohio Rev. Code § 2905.01(A)(4). (Complaint at Paragraph 9.) On April 17, 2014, following a jury trial, Mr. Arnold was found not guilty on all counts of the indictment. (Complaint at Paragraph 22.) Mr. Arnold alleges Ms. Hurwitz's sole intent in seeking criminal charges was for the improper purpose of harming him; that her actions were intentional, willful and malicious and done with a conscious disregard for his rights; and, that he has suffered severe and irreparable damage to his personal reputation; severe emotional distress; and; monetary damages in the form of legal fees and expenses. (Complaint at Paragraph 10.)

Further, Mr. Arnold claims that a New York Times Article, authored by Ms. Hurwitz and published on April 8, 2016, in which Ms. Hurwitz described herself as being raped at a "house party," caused Mr. Arnold to incur severe and irreparable damage to his personal reputation. (Complaint at Paragraphs 12, 13, and 19.) Mr. Arnold asserts that although the Article did not include his name, it included Ms. Hurwitz's real name in the byline and that Ms. Hurwitz knew the Article would be read by people in northeastern Ohio – including by former classmates of both Mr. Arnold and Ms. Hurwitz from Hawken School – and that the Parties' former classmates would know Ms. Hurwitz was referring to Mr. Arnold as her "rapist." (Complaint at Paragraphs 15 and 16.) Mr. Arnold asserts that all sexual encounters between he and Ms. Hurwitz were consensual and that Ms. Hurwitz's statement in the Article that she was raped was made negligently, knowingly, falsely and/or with malice against Mr. Arnold.

Mr. Arnold initially filed his Complaint in the Cuyahoga County Court of Common Pleas on November 9, 2016. The case was removed to this Court by Ms. Hurwitz on February 10,

-2-

2017. In his Complaint, Mr. Arnold raises claims for Malicious Prosecution (Count I) and Defamation (Count II).

On March 27, 2017, Ms. Hurwitz filed her Motion for Judgment on the Pleadings. (Docket #10.) Ms. Hurwitz argues that Mr. Arnold's malicious prosecution claim is legally insufficient and fails to state a viable claim because she is entitled to absolute immunity from civil liability for her participation in the law enforcement investigation and subsequent prosecution of Mr. Arnold. Ms. Hurwitz argues that Mr. Arnold's defamation claim is also legally insufficient, arguing that the New York Times Article does not identify Mr. Arnold by name; that no reasonable reader would be able to interpret the essay as defamatory; and, that the article "provides a completely fair and neutral overview of the proceedings related to Mr. Arnold's criminal prosecution for rape."

On April 26, 2017, Mr. Arnold filed his Memorandum in Opposition. (Docket #11.) Relative to his malicious prosecution claim, Mr. Arnold argues that statements made by Ms. Hurwitz to law enforcement officers were not part of a judicial proceeding and, therefore, are not protected by absolute immunity. (Docket #11.) Further, Mr. Arnold argues that he has sufficiently pled a claim for defamation, arguing the allegedly false statements of criminal activity made by Ms. Hurwitz in the New York Times Article were unambiguous; communicated in such a way so as to suggest Ms. Hurwitz had factual, first-hand knowledge of what she had written; and, reflected injuriously on Mr. Arnold's reputation, exposing him to public hatred, contempt, ridicule, shame or disgrace, thereby constituting defamation *per se*.

Ms. Hurwitz filed a Reply Brief on May 10, 2017. (Docket #12.)

**II.     Standard of Review.**

The standard of review used by a district court to rule on a motion for judgment on the pleadings is the same as the standard used to rule on Rule 12(b)(6) motions. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v.*

*Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). It is with this standard in mind that the instant Motion must be decided.

**III.    Discussion.**

The Court has reviewed Mr. Arnold's Complaint, Ms. Hurwitz's Motion for Judgment on the Pleadings, and all briefing responsive thereto, in conjunction with relevant applicable case law. For the reasons that follow, Ms. Hurwitz's Motion for Judgment on the Pleadings is denied.

    **A.    Malicious Prosecution**

In Ohio, "the elements of the tort of malicious criminal prosecution are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Rogers v. Barbera*, 170 Ohio St. 241, 164 N.E.2d 162, syllabus ¶ 1 (1960). See also *Williams v. Crosby*, 43 F. Supp. 3d 794, 805 (N.D. Ohio 2014); *Lassen v. Lorain County, Ohio*, Case No. 1:13 CV 1938, 2014 U.S. Dist. LEXIS 95361, at * 7 (N.D. Ohio July 14, 2014); *Olson v. Holland Computers*, 2007 Ohio 4727, 2007 Ohio App. LEXIS 4265, at * 7 (Ohio Ct. App., Lorain County 2007). All three elements must be shown in order for a private person who initiates or procures institution of criminal proceedings against another to be subject to liability. *Ash v. Ash*, 72 Ohio St.3d 520, 522, 651 N.E.2d 945 (1995).

Mr. Arnold alleges that Ms. Hurwitz maliciously instituted and continued a criminal prosecution against him; without probable cause; and, that his prosecution resulted in jury verdicts of not guilty on all counts. Ms. Hurwitz spends a large portion of her briefing arguing that her statements to police were subject to absolute privilege. However, under Ohio law and the facts and circumstances of this case, Mr. Arnold is not required to prove the statements Ms.

Hurwitz made to police were not privileged in order to proceed with his malicious prosecution claim.

As the briefing of the Parties makes clear, decisions rendered by Ohio Federal and State Courts in Ohio are inconsistent with regard to whether statements made to the police prior to prosecution qualify as statements made within a judicial proceeding and are, therefore, subject to absolute privilege in the context of a malicious prosecution claim. *See Linetsky v. City of Solon*, Case No. 1:16 CV 52, 2016 U.S. Dist. LEXIS 162779, *29-30 (N.D. Ohio Nov. 23, 2016). In *Linetsky*, the Court reasoned that statements made to police during the initial investigation by police are not part of a judicial proceeding and would merit only a qualified, not absolute, privilege if made in good faith. *Linetsky*, 2016 U.S. Dist. LEXIS 162779,*30. However, other Courts in Ohio have applied absolute privilege in the context of a malicious prosecution claim to protect statements made by an individual reporting a crime, with the end goal being to encourage the reporting of criminal activity by removing the threat of reprisal in the form of civil liability. In those cases, the Court reasoned statements made to police are protected by absolute privilege as long as they bear some reasonable relation to the activity reported. *Ventura v. Cincinnati Enquirer*, 246 F. Supp. 2d 876, 882 (S.D. Ohio 2003).

The facts and circumstances of this case are distinguishable. Mr. Arnold's malicious prosecution claim rests on the allegation that there was no criminal activity to be reported in the first place and that Ms. Hurwitz knowingly, intentionally and maliciously made false accusations about him to the police and then continued to participate in his criminal prosecution, causing him injury. Under the facts and circumstances as alleged in the Complaint, Mr. Arnold states a plausible claim for malicious prosecution sufficient to withstand Ms. Hurwitz's Motion for Judgment on the Pleadings.

**B.     Defamation**.

Under Ohio law, the elements of defamation are: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence on the party of the publisher; and, (4) either actionability of the statement irrespective of special harm (such as defamation *per se*) or the existence of special harm caused by the publication. *See Fitzgerald v. Roadway Express, Inc.*, 262 F. Supp. 2d 849, 855 (N.D. Ohio 2003) (citing *Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Servs., Inc.*, 81 Ohio App.3d 591, 611 N.E.2d 955 (Summit County 1992)); *Shoemaker v. Community Action Org. of Scioto City, Inc.*, 2007 Ohio 3708 (Ohio Ct. App., Scioto County, 2007); *Godsen v. Louis*, 116 Ohio App. 3d 195, 687 N.E.2d 481 (Summit County 1996). Defamation *per se* must fit within one of four classes: (1) the words import a charge of an indictable offense involving moral turpitude or infamous punishment; (2) the words impute some offensive or contagious disease calculated to deprive a person of society; (3) the words tend to injure a person in his trade or occupation; or (4) the words tend to subject a person to public hatred, ridicule, or contempt. *See Am. Chem. Soc. v. Leadscope*, 2010 Ohio 2725 (Ohio Ct. App., Franklin County 2010).

Mr. Arnold alleges that the information published by Ms. Hurwitz in the New York Times, a leading newspaper publication, was false and defamatory; unprivileged; unambiguous; and, styled as a factual account about which Ms. Hurwitz had first-hand knowledge. Mr. Arnold argues the statements contained therein reflect injuriously on his reputation and expose him to public hatred, contempt, ridicule, shame or disgrace, thus constituting defamation *per se*. Construing the complaint in the light most favorable to Mr. Arnold; accepting its factual allegations as true; and, drawing reasonable inferences in favor of Mr. Arnold, Mr. Arnold has stated a plausible claim for defamation sufficient to withstand Ms. Hurwitz's Motion for

Judgment on the Pleadings.

**IV.    Conclusion.**

For the reasons stated above, the Motion for Judgment on the Pleadings filed by Defendant, Caroline Hurwitz (Docket #10) is hereby DENIED.

IT IS SO ORDERED.

s/Donald C. Nugent<br>
DONALD C. NUGENT<br>
United States District Judge

DATED: May 19, 2017